1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-mj-00090-SAB-1 |
| Plaintiff, | ORDER REQUIRING IAN HARGUS TO PAY SANCTIONS OF $50 PER DAY |
| v. | ORDER DIRECTING THE CLERK OF COURT TO SERVE THIS ORDER ON DEFENDANT'S COUNSEL |
| JOSEPH A. MUNOZ, | |
| Defendant. | (ECF No. 18) |

**I.**

**BACKGROUND**

On April 21, 2022, the Court held a probation review hearing.  (ECF No. 17.)  Counsel for the Defendant, Ian Hargus, did not make an appearance at the hearing, despite being present at the November 19, 2021 hearing, when the Court set the date of the probation review hearing.  (ECF No. 14.)  Further, the Court previously advised counsel of the need to register their information on the docket for this action in order to receive electronic notifications of filings, however, counsel has not done so.  On April 21, 2022, the Court issued an order to show cause within three days as to why sanctions should not be imposed against Defendant's counsel Ian Hargus for the failure to make an appearance at the April 21, 2022 hearing.  (ECF No. 18.)  Given counsel had not properly registered to receive electronic notification of docket filings, the Court's order was served by mail, and the Office of the Clerk of the Court additionally served the order at the email in counsel's

1

profile.  (Id.)  On the same date, an arrest warrant issued as to the Defendant.  (ECF No. 19.)  Affording additional time for mailing of the Court's order, the deadline for counsel to provide a response to the order to show cause has expired, and counsel Ian Hargus has not filed any response to the Court's order.

## II.

## LEGAL STANDARD

The Court possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases.  Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court.  Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980).  In order to coerce a defendant to comply with the Court's orders, the Court may issue sanctions for every day the defendant fails to respond to the Court's orders to show cause.  See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney."  E.D. Cal. L.R. 184(a).  "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice."  Id.

/ / /

/ / /

/ / /

**III.**

**DISCUSSION**

Here, counsel for Defendant, Ian Hargus, has failed to comply with the order requiring him to show cause in writing why sanctions should not issue for the failure to appear at the April 21, 2022 probation review hearing.  The Court finds that monetary sanctions are appropriate to compel Mr. Hargus to respond to this Court's order.  Therefore, a daily sanction shall be imposed to compel Mr. Hargus to respond.  Mr. Hargus shall pay a sanction of $50.00 for each day that he fails to respond to this Court's order to show cause.

**IV.**

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Ian Hargus, counsel for Defendant, shall pay the Clerk of the Court $50.00 per day, beginning on May 3, 2022, until he files a response to the April 21, 2022 order to show cause.

The Clerk of the Court is DIRECTED to serve a copy of this order on attorney Ian Hargus through the same methods of service as utilized on April 21, 2022 (ECF No. 18).

IT IS SO ORDERED.

Dated:   **May 2, 2022**

UNITED STATES MAGISTRATE JUDGE