# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-mj-00090-SAB-1 |
| Plaintiff, | ORDER DENYING MOTION TO SHORTEN TIME, REQUIRING IAN HARGUS TO PAY SANCTION OF $50, AND DISCHARGING ORDER TO SHOW CAUSE AND FURTHER SANCTIONS |
| v. | |
| JOSEPH A. MUNOZ, | |
| Defendant. | (ECF Nos. 18, 20, 23) |
| | **SEVEN DAY DEADLINE** |

## I.

## BACKGROUND

On April 21, 2022, the Court held a probation review hearing. (ECF No. 17.) Counsel for the Defendant, Ian Hargus, did not make an appearance at the hearing, despite being present at the November 18, 2021 hearing, when the Court set the date of the probation review hearing. (ECF No. 14.) On April 21, 2022, the Court issued an order to show cause within three days as to why sanctions should not be imposed against Defendant's counsel Ian Hargus for the failure to make an appearance at the April 21, 2022 hearing. (ECF No. 18.) Given counsel had not properly registered to receive electronic notification of docket filings, the Court's order was served by mail, and the Office of the Clerk of the Court additionally served the order at the email in counsel's profile. (Id.) On the same date, an arrest warrant issued as to the Defendant. (ECF No. 19.) After affording additional time for mailing of the Court's order, the deadline for counsel to

1  provide a response to the order to show cause expired, and counsel Ian Hargus failed to file any
2  response to the Court's order.  Accordingly, on May 2, 2022, the Court signed an order, docketed
3  on May 3, 2022, that imposed daily sanctions of $50.00 per day on counsel, to begin on May 3,
4  2022, and that would continue until counsel filed a response to the order to show cause.

5  On May 4, 2022, Mr. Hargus filed a motion on the docket, entitled "Order to Show
6  Cause," and set the matter for hearing on May 5, 2022.  (ECF No. 23.)

## II.

## LEGAL STANDARD

The Court possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases.  Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court.  Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980).  In order to coerce a defendant to comply with the Court's orders, the Court may issue sanctions for every day the defendant fails to respond to the Court's orders to show cause.  See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney."  E.D. Cal. L.R. 184(a).  "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice."  Id.

///

## III.

## DISCUSSION

First, counsel is advised the proper way to respond to the Court's order to show cause is to file a written response to the order to show cause, as the Court's order specified counsel was required to "show cause in writing." (ECF No. 18 at 2.) Rather, following the entry of the order imposing monetary sanctions, counsel filed a "motion" on the docket on May 4, 2022, entitled "order to show cause," and set the "motion" for hearing for the next morning, May 5, 2022 at 10:00 a.m. (ECF No. 23.) While the Court finds no hearing on the order to show cause is necessary, the Court notifies counsel that in the future, a request to shorten the time to hold a hearing must comply with the Local Rules of this Court. The Local Rules provide the following requirements for applications to shorten time:

> **(e) Shortening Time.** Applications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time. Ex parte applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action.

L.R. 144(e). The filing does not comply with the requirements of Local Rule 144(e). Given the noncompliance with the Local Rules, the infeasibility of setting a hearing on less than 24 hours' notice based on the manner of counsel's submission, and the fact that there is no need to hold a hearing as to the order to show cause, the Court did not hold a hearing on May 5, 2022, and will not hold a hearing on the order to show cause. To the extent counsel's instant filing is construed as a request for a hearing on shortened time, the request is denied as moot.

Turning to the substance of counsel's filing, counsel proffers that on April 21, 2022, he had technical difficulties with his computer operating system at 9:55 a.m. and so was unable to log into the videoconference hearing until 10:03 a.m.; that he was "not let into the Meeting so [he] contacted the court clerk and apparently there were only two cases on calendar and Mine [sic] was called exactly one minute before [he] logged into [Z]oom." Counsel states: "I was late by two minutes and for [t]his I am sorry and my client definitely does not deserve punishment for my lack

of [p]unctuality."[1]  (ECF No. 23 at 1.)  Counsel further states that this is his first federal case and that he was/is unfamiliar with the system and apologizes "deeply," and will accept any date the Court is willing to put this matter back on calendar to clear up the mistake. (ECF No. 23 at 1-2.)[2]

While counsel's filing does not directly address every issue raised in the order to show cause (such as counsel's failure to register for electronic notifications in the CM/ECF system), the Court appreciates counsel's focus on the harm he has caused his client that he is representing in this criminal matter.  In the interest of preserving judicial resources, while the Court expects a more directed response to the Court's express orders, the Court shall discharge the order to show cause and discharge further daily sanctions.

In the interests of ensuring clients are adequately represented, and given counsel's apparent concern with the adverse consequences he admits to having caused the client, the Court reminds counsel that his primary responsibility is to the client who they are charged with effectively and protectively guiding through a complex criminal law system that is ripe with adverse consequences for failing to comply with the rules and procedures that he is hired to assist the client with.  It is not the Court's responsibility to guide counsel through such process.  While counsel apologizes and proffers he is inexperienced with the federal criminal court system, that is absolutely no excuse and counsel bears the full responsibility.  If counsel cannot rise to the responsibility of informing himself of the rules and procedures that he is required to be apprised of, he should not represent criminal defendants before the Court.  In that regard, the Court directs counsel to review California Rule of Professional Conduct 1.1 pertaining to competent representation:

> **Rule 1.1 Competence**
>
> (a) A lawyer shall not intentionally, recklessly, with gross negligence, or repeatedly fail to perform legal services with competence.

---

[1] It is unclear what counsel means by late by two minutes as he states he was three minutes late to the 10:00 a.m. hearing, in addition to proffering that he logged in one minute after his case was called.

[2] The matter of the Defendant's arrest warrant and placement of the Defendant client's matter on the Court's calendar is a separate matter not addressed in this order, which only deals with the order to show cause directed at counsel.

>(b) For purposes of this rule, "competence" in any legal service shall mean to apply the (i) learning and skill, and (ii) mental, emotional, and physical ability reasonably* necessary for the performance of such service.
>
>(c) If a lawyer does not have sufficient learning and skill when the legal services are undertaken, the lawyer nonetheless may provide competent representation by (i) associating with or, where appropriate, professionally consulting another lawyer whom the lawyer reasonably believes* to be competent, (ii) acquiring sufficient learning and skill before performance is required, or (iii) referring the matter to another lawyer whom the lawyer reasonably believes* to be competent.
>
>(d) In an emergency a lawyer may give advice or assistance in a matter in which the lawyer does not have the skill ordinarily required if referral to, or association or consultation with, another lawyer would be impractical. Assistance in an emergency must be limited to that reasonably* necessary in the circumstances.

CA ST RPC Rule 1.1. Additionally, Rule 1.3 similarly discusses the duty of diligence to the represented client:

>**Rule 1.3. Diligence**
>
>(a) A lawyer shall not intentionally, repeatedly, recklessly or with gross negligence fail to act with reasonable diligence in representing a client.
>
>(b) For purposes of this rule, "reasonable diligence" shall mean that a lawyer acts with commitment and dedication to the interests of the client and does not neglect or disregard, or unduly delay a legal matter entrusted to the lawyer.

CA ST RPC Rule 1.3.

      The Court imposed a daily sanction of $50 per day, to begin on May 3, 2022. Counsel filed the "motion" response on May 4, 2022. (ECF No. 23.) However, curiously, while the document was not electronically filed by Mr. Hargus until May 4, 2022, the signature portion has the date "May 02, 2021." While the year is clearly incorrect, it is not clear if counsel was attempting to place an earlier date on the signature line in order to appear more compliant, or if he simply signed the form on May 2, 2022, but was not diligent in filing the document until May 4, 2022. Nonetheless, the Court shall discharge further sanctions and only impose a fine of $50 based on the filing on May 4, 2022. (See ECF No. 20 at 3 "Mr. Hargus shall pay a sanction of $50.00 for each day that he fails to respond to this Court's order to show cause.")

**IV.**

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiffs' construed motion to shorten time for hearing on the order to show cause (ECF No. 23) is DENIED as moot;

2. Plaintiff shall pay the Clerk of the Court $50.00 in sanctions **within seven days of entry of this order**; and

3. The Court's April 21, 2022 order to show cause, and the Court's May 3, 2022 order requiring payment of sanctions, and any further sanctions arising therefrom (ECF Nos. 18, 20) are hereby DISCHARGED.

IT IS SO ORDERED.

Dated:   **May 5, 2022**

UNITED STATES MAGISTRATE JUDGE