# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-mj-00090-SAB-1 |
| Plaintiff, | ORDER REQUIRING COUNSEL TO SHOW CAUSE IN WRITING WHY FURTHER SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO PAY MONETARY SANCTION |
| v. | |
| JOSEPH A. MUNOZ, | |
| Defendant. | (ECF No. 24) |
| | **THREE DAY DEADLINE** |

## I.

## BACKGROUND

On April 21, 2022, the Court held a probation review hearing.  (ECF No. 17.)  Counsel for the Defendant, Ian Hargus, did not make an appearance at the hearing, despite being present at the November 18, 2021 hearing, when the Court set the date of the probation review hearing.  (ECF No. 14.)  On April 21, 2022, the Court issued an order to show cause within three days as to why sanctions should not be imposed against Defendant's counsel Ian Hargus for the failure to make an appearance at the April 21, 2022 hearing.  (ECF No. 18.)  Given counsel had not properly registered to receive electronic notification of docket filings, the Court's order was served by mail, and the Office of the Clerk of the Court additionally served the order at the email in counsel's profile.  (Id.)  On the same date, an arrest warrant issued as to the Defendant.  (ECF No. 19.)  After affording additional time for mailing of the Court's order, the deadline for counsel to

1   provide a response to the order to show cause expired, and counsel Ian Hargus failed to file any

2   response to the Court's order.  Accordingly, on May 2, 2022, the Court signed an order, docketed

3   on May 3, 2022, that imposed daily sanctions of $50.00 per day on counsel, to begin on May 3,

4   2022, and that would continue until counsel filed a response to the order to show cause.

5       On May 4, 2022, Mr. Hargus filed a motion on the docket, entitled "Order to Show

6   Cause," and set the matter for hearing on May 5, 2022.  (ECF No. 23.)  On May 5, 2022, based on

7   the filing, the Court ordered Mr. Hargus to pay the Clerk of the Court a sanction of $50, within

8   seven (7) days of entry of the order, or May 12, 2022.  (ECF No. 24.)  The Court also discharged

9   any further sanctions.  (Id.)

## II.

## LEGAL STANDARD

12      The Court possesses inherent authority to impose sanctions to manage its own affairs so as

13  to achieve the orderly and expeditious disposition of cases.  Chambers v. NASCO, Inc., 501 U.S.

14  32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all others,

15  including to protect the due and orderly administration of justice and maintain the authority and

16  dignity of the Court.  Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980).  In order to coerce a

17  defendant to comply with the Court's orders, the Court may issue sanctions for every day the

18  defendant fails to respond to the Court's orders to show cause.  See Lasar v. Ford Motor Co., 399

19  F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended

20  to be remedial by coercing the defendant to do what he had refused to do.").

21      Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of

22  counsel or of a party to comply with these Rules or with any order of the Court may be grounds

23  for imposition by the Court of any and all sanctions authorized by statute or Rule or within the

24  inherent power of the Court."  E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to

25  these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or

26  Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P.

27  42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other

28  appropriate disciplinary action against the attorney."  E.D. Cal. L.R. 184(a).  "In addition to or in

1  lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body

2  of any Court before which the attorney has been admitted to practice." Id.

### III.

### DISCUSSION

5       Mr. Hargus has failed to pay the minimal $50 sanction by the deadline to do so.  (ECF No.

6  24.)  Given counsel's repeated failures to adhere to this Court's rules and orders, the Court shall

7  order counsel to show cause why further sanctions should not be imposed for the failure to pay the

8  required amount by the deadline.  A daily sanction of $100 will begin to be imposed on May 13,

9  2022, and shall continue to be imposed each day the Court is open, unless Plaintiff shows good

10 cause in writing as to why the $50 amount was not paid by the deadline, and good cause as to why

11 further sanctions should not be imposed.  The daily $100 sanction shall be imposed until such

12 written response is received, and until the original $50 dollar sanction is paid.  Thereafter,

13 depending on counsel's filings in response to this order, the Court will issue a further order

14 directing whether addition sanctions are imposed and how much the total sanction amount counsel

15 shall be obligated to pay (separate from the $50 sanction amount), and the deadline for payment of

16 the further $100 daily sanctions cumulative total.

17 / / /

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

**IV.**

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     Within three (3) days of entry of this order, Plaintiff's counsel Ian Hargus shall show cause in writing as to why further sanctions should not be imposed for the failure to pay the $50 sanction amount due on May 12, 2022; and

2.     Plaintiff's counsel Ian Hargus shall pay a daily sanction of $100, to begin on May 13, 2022, and to be imposed on each day the Court is open thereafter, unless good cause is shown and subject to the conditions discussed in this order.

IT IS SO ORDERED.

Dated:   **May 13, 2022**

UNITED STATES MAGISTRATE JUDGE

4