1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-mj-00090-SAB-1 |
| Plaintiff, | ORDER REQUIRING DEFENDANT'S COUNSEL IAN HARGUS TO PAY SANCTION OF $550.00 |
| v. | |
| JOSEPH A. MUNOZ, | (ECF Nos. 18, 20, 24, 25, 26) |
| Defendant. | **JUNE 3, 2022 DEADLINE** |

**I.**

**BACKGROUND**

On April 21, 2022, the Court held a probation review hearing.  (ECF No. 17.)  Counsel for the Defendant, Ian Hargus ("Mr. Hargus"), did not make an appearance at the hearing, despite being present at the November 18, 2021 hearing, when the Court set the date of the probation review hearing.  (ECF No. 14.)  On April 21, 2022, the Court issued an order to show cause within three days as to why sanctions should not be imposed against Defendant's counsel Ian Hargus for the failure to make an appearance at the April 21, 2022 hearing.  (ECF No. 18.)  Given counsel had not properly registered to receive electronic notification of docket filings, the Court's order was served by mail, and the Office of the Clerk of the Court additionally served the order at the email in counsel's profile.  (Id.)  On the same date, an arrest warrant issued as to the Defendant.  (ECF No. 19.)  After affording additional time for mailing of the Court's order, the deadline for

1

1  counsel to provide a response to the order to show cause expired, and counsel Ian Hargus failed to

2  file any response to the Court's order.  Accordingly, on May 2, 2022, the Court signed an order,

3  docketed on May 3, 2022, that imposed daily sanctions of $50.00 per day on counsel, to begin on

4  May 3, 2022, and that would continue until counsel filed a response to the order to show cause.

5  (ECF No. 20.)

6        On May 4, 2022, Mr. Hargus filed a motion on the docket, entitled "Order to Show

7  Cause," and set the matter for hearing on May 5, 2022.  (ECF No. 23.)  On May 5, 2022, based on

8  the filing, the Court ordered Mr. Hargus to pay the Clerk of the Court a sanction of $50, within

9  seven (7) days of entry of the order, or May 12, 2022.  (ECF No. 24.)  The Court also discharged

10  any further sanctions.  (Id.)

11        Following the expiration of the seven (7) day period, Mr. Hargus had failed to pay the $50

12  sanction.  On May 13, 2022, noting "Mr. Hargus has failed to pay the minimal $50 sanction by the

13  deadline to do so," and despite counsel's repeated failures to adhere to this Court's rules and

14  orders, the Court did not immediately impose further sanctions, but ordered Mr. Hargus to show

15  cause why further sanctions should not be imposed for the failure to pay the required amount by

16  the deadline.  (ECF No. 25.)[1]  The Court's May 13, 2022 order further ordered that a daily

17  sanction of $100 would begin to be imposed on May 13, 2022, and would continue to be imposed

18  each day the Court is open, unless Plaintiff showed good cause in writing as to why the $50

19  amount was not paid by the deadline, and good cause as to why further sanctions should not be

20  imposed.  The order specifically stated that the daily $100 sanction would "**be imposed until such**

21  **written response is received, and until the original $50 dollar sanction is paid.**"  (ECF No. 25

22  at 3 (emphasis added).)  Finally, the Court's order stated that depending on counsel's filings in

23  response to the order, the Court would issue a further order directing whether additional sanctions

24  would be imposed, and "how much the total sanction amount counsel shall be obligated to pay

25  (separate from the $50 sanction amount), and the deadline for payment of the further $100 daily

26

27  [1] While the Court's order mistakenly referred to Mr. Hargus as "Plaintiff's counsel" at one point, it is abundantly
clear the order referred to Mr. Hargus and stated counsel's name in full, "Ian Hargus."  Mr. Hargus clearly

28  recognized it as such.  (See ECF No. 27-1 at 1 ("This current 2nd motion is based upon an email I received on May
13th requiring me to show cause for non-payment of the 1st order to show cause.").)

1  sanctions cumulative total." (Id.)

2      On May 19, 2022, Mr. Hargus entered two filings on the docket, both entered and entitled

3  as proposed or re order to show cause and Defendant's status report.  (ECF Nos. 26, 27.)  The

4  filings appear identical, and thus the second appears to have been filed in error.  The Court has

5  received no notification or receipt on the docket that Mr. Hargus has paid the original $50 sanction

6  amount.

7  **II.**

8  **LEGAL STANDARD**

9      The Court possesses inherent authority to impose sanctions to manage its own affairs so as

10  to achieve the orderly and expeditious disposition of cases.  Chambers v. NASCO, Inc., 501 U.S.

11  32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all others,

12  including to protect the due and orderly administration of justice and maintain the authority and

13  dignity of the Court.  Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980).  In order to coerce a

14  defendant to comply with the Court's orders, the Court may issue sanctions for every day the

15  defendant fails to respond to the Court's orders to show cause.  See Lasar v. Ford Motor Co., 399

16  F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended

17  to be remedial by coercing the defendant to do what he had refused to do.").

18      Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of

19  counsel or of a party to comply with these Rules or with any order of the Court may be grounds

20  for imposition by the Court of any and all sanctions authorized by statute or Rule or within the

21  inherent power of the Court."  E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to

22  these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or

23  Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P.

24  42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other

25  appropriate disciplinary action against the attorney."  E.D. Cal. L.R. 184(a).  "In addition to or in

26  lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body

27  of any Court before which the attorney has been admitted to practice."  Id.

28  ///

3

**III.**

**DISCUSSION**

The Court incorporates the previous discussion of the circumstances surrounding the issued sanctions in this matter by way of reference. (ECF Nos. 18, 20, 24, 25.)  Mr. Hargus' filings entered on May 19, 2022, first attach the previously document filed by Mr. Hargus on May 4, 2022, that the Court previously addressed.  (ECF No. 23.)  The filing then provides the following proffer by Mr. Hargus:

> This is my second order to show cause motion.  I sent my first order to show cause on May 2nd and it was received by the court on May 4th as the docket shows.  I was never contacted with regards to the outcome of my motion nor the fine amount or if there even would be a fine due to my motion being unresolved. This current 2nd motion is based upon an email I received on May 13th requiring me to show cause for non-payment of the 1st order to show cause.  My office has contacted the clerk's office your court requesting a fine amount and no one including supervisors has been able to tell me what I owe if anything.  I responded to the initial order to show cause, doing exactly that, showing cause of why I should not be sanctioned and fined.  There was no response and no one can seem to tell me what I owe.  So now I beg of the court to please respond or update the docket as to whether either of these motions will be granted and what fine amount I must pay. Both order to show cause dockets specifically say "unless good cause is shown" so I am not sure how I would know what to pay if my motion to show good cause did in fact show good cause. Thank you for your time, this is a confusing process and this is my first and only Federal case so I am at the court[']s mercy with regards on what to pay.

(ECF No. 26-1 at 1-2.)

The Court will not summarize or describe every document and order located on the docket for Mr. Hargus.  It is not the responsibility of the assigned Judge, nor the Clerk's office, nor a of a "supervisor," to convey information to Mr. Hargus that is readily available on the public docket in this action that counsel is counsel of record in.  Mr. Hargus can obtain the full orders that clearly convey the obligations to pay monetary amounts, and when Mr. Hargus was required to respond to the Court's orders to show cause.  Counsel is notified that his filings are not "orders to show cause motions."  The Court issued orders to show cause why Mr. Hargus should not be sanctioned. (ECF Nos. 18, 25.)  These orders required Mr. Hargus to show cause in writing why sanctions should not be imposed.  When counsel in any given case submits a written response to an order to

1   show cause that sufficiently demonstrates good cause to discharge the order to show cause, the

2   Court will then discharge the order to show cause and decide whether to impose any sanctions.

3        The Court summarized the background of this matter above in some detail.   Most

4   importantly here is the Court's most recent May 13, 2022 order.  Mr. Hargus apparently concedes

5   he at least received email notification of the filing on May 13, 2022, although it is not clear if he

6   actually read the actual order.  (ECF No. 26-1 at 1.)

7        The May 13, 2022 order clearly specified that Mr. Hargus was to show cause in writing

8   why further sanctions should not be imposed for the failure to pay the required $50 amount by the

9   deadline; ordered that a daily sanction of $100 would begin to be imposed on May 13, 2022, and

10  would continue to be imposed each day the Court is open, unless Plaintiff showed good cause in

11  writing as to why the $50 amount was not paid by the deadline, and good cause as to why further

12  sanctions should not be imposed; stated that the daily $100 sanction would be imposed until such

13  written response is received, and until the original $50 dollar sanction is paid; and stated that

14  depending on counsel's filings in response to the order, the Court would issue a further order

15  directing whether additional sanctions would be imposed, and "how much the total sanction

16  amount counsel shall be obligated to pay (separate from the $50 sanction amount), and the

17  deadline for payment of the further $100 daily sanctions cumulative total."  (ECF No. 25.)

18       Mr. Hargus' response filed on May 19, 2022, does not show good cause as to the failure to

19  pay the $50 sanction.  Indeed, Mr. Hargus has still not paid the $50 sanction, and it is apparently

20  still unclear to him whether he has shown good cause previously to rid himself of that obligation.

21  He has not.  Mr. Hargus was never relieved of the obligation to pay the $50 fine.  Thus, Mr.

22  Hargus is still in violation of that obligation imposed on May 5, 2022, and that was reaffirmed as

23  an obligation to avoid future sanctions on May 13, 2022.  (ECF Nos. 24, 25.)

24       If Mr. Hargus does not understand what has occurred in this case, he should spend

25  sufficient time reviewing the docket, downloading the full text of each written order, and reading

26  the full text of each order in chronological order, including his own written submission to the

27  Court, and consider whether his written submission addressed the Court's orders.  The Court is

28  well within its discretion to not discharge the order to show cause issued on May 13, 2022,

because Mr. Hargus has still not paid the $50 fine.  Nonetheless, the Court, in the interests of expediency and conserving judicial resources, shall discharge further sanctions as of May 20, 2022.  In other words, the last of the daily $100 sanctions that began on May 13, 2022, will correspond to May 19, 2022.  Thus, Mr. Hargus shall be obligated to pay the $50 original sanction amount, as well as an additional amount of $500, for a total of $550.

## IV.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     The order to show cause issued on May 13, 2022 (ECF No. 25) is DISCHARGED;

2.     Defendant's counsel Ian Hargus is relieved from any further obligation to file any written responses to the Court's orders to show cause; and

3.     **Defendant's counsel Ian Hargus shall pay the Clerk of the Court $550.00 in sanctions on or before June 3, 2022.[2]**

IT IS SO ORDERED.

Dated:   __May 20, 2022__

_____
UNITED STATES MAGISTRATE JUDGE

---

[2]  Counsel is advised that the failure to pay this sanction will result in the imposition of further sanctions, and if the total amount of sanctions exceeds $1,000, the State Bar of California requires this Court and Mr. Hargus to report the sanctions to the State Bar.