# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH A. MUNOZ,<br><br>    Defendant. | Case No. 1:20-mj-00090-SAB-1<br><br>ORDER REQUIRING COUNSEL TO PAY $650 IN SANCTIONS AND IMPOSING FURTHER DAILY SANCTIONS FOR EACH DAY OF NONPAYMENT<br><br>(ECF No. 28) |

## I.

## BACKGROUND

On April 21, 2022, the Court held a probation review hearing. (ECF No. 17.) Counsel for the Defendant, Ian Hargus ("Mr. Hargus"), did not make an appearance at the hearing, despite being present at the November 18, 2021 hearing, when the Court set the date of the probation review hearing. (ECF No. 14.) On April 21, 2022, the Court issued an order to show cause within three days as to why sanctions should not be imposed against Defendant's counsel Ian Hargus for the failure to make an appearance at the April 21, 2022 hearing. (ECF No. 18.) Given counsel had not properly registered to receive electronic notification of docket filings, the Court's order was served by mail, and the Office of the Clerk of the Court additionally served the order at the email in counsel's profile. (Id.) On the same date, an arrest warrant issued as to the Defendant. (ECF No. 19.) After affording additional time for mailing of the Court's order, the deadline for counsel to provide a response to the order to show cause expired, and counsel Ian Hargus failed to

1  file any response to the Court's order.  Accordingly, on May 2, 2022, the Court signed an order,
2  docketed on May 3, 2022, that imposed daily sanctions of $50.00 per day on counsel, to begin on
3  May 3, 2022, and that would continue until counsel filed a response to the order to show cause.
4  (ECF No. 20.)

5        On May 4, 2022, Mr. Hargus filed a motion on the docket, entitled "Order to Show
6  Cause," and set the matter for hearing on May 5, 2022.  (ECF No. 23.)  On May 5, 2022, based on
7  the filing, the Court ordered Mr. Hargus to pay the Clerk of the Court a sanction of $50, within
8  seven (7) days of entry of the order, or May 12, 2022.  (ECF No. 24.)  The Court also discharged
9  any further sanctions.  (Id.)

10       Following the expiration of the seven (7) day period, Mr. Hargus had failed to pay the $50
11 sanction.  On May 13, 2022, noting "Mr. Hargus has failed to pay the minimal $50 sanction by the
12 deadline to do so," and despite counsel's repeated failures to adhere to this Court's rules and
13 orders, the Court did not immediately impose further sanctions, but ordered Mr. Hargus to show
14 cause why further sanctions should not be imposed for the failure to pay the required amount by
15 the deadline.  (ECF No. 25.)[1]  The Court's May 13, 2022 order further ordered that a daily
16 sanction of $100 would begin to be imposed on May 13, 2022, and would continue to be imposed
17 each day the Court is open, unless Plaintiff showed good cause in writing as to why the $50
18 amount was not paid by the deadline, and good cause as to why further sanctions should not be
19 imposed.  The order specifically stated that the daily $100 sanction would "**be imposed until such**
20 **written response is received, and until the original $50 dollar sanction is paid.**"  (ECF No. 25
21 at 3 (emphasis added).)  Finally, the Court's order stated that depending on counsel's filings in
22 response to the order, the Court would issue a further order directing whether additional sanctions
23 would be imposed, and "how much the total sanction amount counsel shall be obligated to pay
24 (separate from the $50 sanction amount), and the deadline for payment of the further $100 daily
25 sanctions cumulative total."  (Id.)

---

[1] While the Court's order mistakenly referred to Mr. Hargus as "Plaintiff's counsel" at one point, it is abundantly clear the order referred to Mr. Hargus and stated counsel's name in full, "Ian Hargus."  Mr. Hargus clearly recognized it as such.  (See ECF No. 27-1 at 1 ("This current 2nd motion is based upon an email I received on May 13th requiring me to show cause for non-payment of the 1st order to show cause.").)

1    On May 19, 2022, Mr. Hargus entered two filings on the docket, both entered and entitled
2 as proposed or re order to show cause and Defendant's status report. (ECF Nos. 26, 27.) The
3 Court received no notification or receipt on the docket that Mr. Hargus had paid the original $50
4 sanction amount. On May 20, 2022, the Court, in consideration of Mr. Hargus' filings, the
5 nonpayment, and in the interests of expediency and preserving judicial resources, discharged
6 further sanctions as of May 20, 2022, and capped the total amount of sanctions that Mr. Hargus
7 was required to pay at $550. (ECF No. 28.) The Court ordered Mr. Hargus to pay the $550
8 sanction amount on or before June 3, 2022.

## II.

## LEGAL STANDARD

11    The Court possesses inherent authority to impose sanctions to manage its own affairs so as
12 to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S.
13 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others,
14 including to protect the due and orderly administration of justice and maintain the authority and
15 dignity of the Court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). In order to coerce a
16 defendant to comply with the Court's orders, the Court may issue sanctions for every day the
17 defendant fails to respond to the Court's orders to show cause. See Lasar v. Ford Motor Co., 399
18 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended
19 to be remedial by coercing the defendant to do what he had refused to do.").

20    Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of
21 counsel or of a party to comply with these Rules or with any order of the Court may be grounds
22 for imposition by the Court of any and all sanctions authorized by statute or Rule or within the
23 inherent power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to
24 these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or
25 Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P.
26 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other
27 appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in
28 lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body

1 of any Court before which the attorney has been admitted to practice." Id.

## III.

## DISCUSSION

Mr. Hargus has not paid the $550 fine despite the Court granting Mr. Hargus two weeks to do so, and despite repeated warnings and admonishments from the Court concerning his lack of professionalism before the Court and to his client. (ECF No. 28.) In this regard, the Court incorporates the previous discussion of the circumstances surrounding the issued sanctions in this matter by way of reference. (ECF Nos. 18, 20, 24, 25, 28.) Most recently, the Court stated:

> The Court will not summarize or describe every document and order located on the docket for Mr. Hargus. It is not the responsibility of the assigned Judge, nor the Clerk's office, nor [] of a "supervisor," to convey information to Mr. Hargus that is readily available on the public docket in this action that counsel is counsel of record in. Mr. Hargus can obtain the full orders that clearly convey the obligations to pay monetary amounts, and when Mr. Hargus was required to respond to the Court's orders to show cause. Counsel is notified that his filings are not "orders to show cause motions." The Court issued orders to show cause why Mr. Hargus should not be sanctioned. (ECF Nos. 18, 25.) These orders required Mr. Hargus to show cause in writing why sanctions should not be imposed. When counsel in any given case submits a written response to an order to show cause that sufficiently demonstrates good cause to discharge the order to show cause, the Court will then discharge the order to show cause and decide whether to impose any sanctions.
>
> The Court summarized the background of this matter above in some detail. Most importantly here is the Court's most recent May 13, 2022 order. Mr. Hargus apparently concedes he at least received email notification of the filing on May 13, 2022, although it is not clear if he actually read the actual order. (ECF No. 26-1 at 1. . . .
>
> . . . If Mr. Hargus does not understand what has occurred in this case, he should spend sufficient time reviewing the docket, downloading the full text of each written order, and reading the full text of each order in chronological order, including his own written submission to the Court, and consider whether his written submission addressed the Court's orders.

(ECF No. 28 at 4-5.)

Based on Mr. Hargus' failure to pay the $550 fine by June 3, 2022, and given counsel's repeated failures to adhere to this Court's rules and orders, the Court shall again institute daily sanctions. The Court will impose sanctions for the court days that Mr. Hargus failed to pay the

4

sanctions before entry of this order, June 6, and June 7, 2022, in the amount of $100.  Further, daily sanctions of $50 will begin to be imposed on June 8, 2022, and shall continue to be imposed each day the Court is open, until Mr. Hargus pays the total sanction amount due on such day.  Thus, in other words, if Mr. Hargus pays on June 8, 2022, he shall pay $650.  If he pays on June 9, 2022, he shall pay $700, and so on.

Counsel is additionally notified that pursuant to California law, "a court shall notify the State Bar of any of the following: . . . (3) The imposition of any judicial sanctions against an attorney, except sanctions for failure to make discovery or monetary sanctions of less than one thousand dollars ($1,000)." Cal. Bus. & Prof. Code § 6086.7(a)(3).

## IV.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's counsel Ian Hargus shall pay sanctions in the amount of $650, plus an additional $50 for each day the Court is open and that the total sanction amount is not paid by the close of business, beginning on June 8, 2022; and

2. Failure to comply with this order will result in further sanctions and reporting of counsel to the State Bar of California, and possible disbarment from the ability to practice in this Court.

IT IS SO ORDERED.

Dated:   **June 8, 2022**

UNITED STATES MAGISTRATE JUDGE