# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JOSEPH A. MUNOZ,<br><br>  Defendant. | Case No. 1:20-mj-00090-SAB-1<br><br>ORDER DISCHARGING FURTHER DAILY SANCTIONS AND REQUIRING COUNSEL TO REPORT TO STATE BAR<br><br>ORDER DIRECTING CLERK OF COURT TO REPORT COUNSEL TO STATE BAR OF CALIFORNIA AND TO REFUND OVERPAYMENT OF $150<br><br>(ECF No. 30)<br><br>**THIRTY AND FORTY DAY DEADLINE** |

## I.

## BACKGROUND

On April 21, 2022, the Court held a probation review hearing. (ECF No. 17.) Counsel for the Defendant, Ian Hargus ("Mr. Hargus"), did not make an appearance at the hearing, despite being present at the November 18, 2021 hearing, when the Court set the date of the probation review hearing. (ECF No. 14.) On the same date, April 21, 2022, an arrest warrant issued as to the Defendant. (ECF No. 19.) On the same date, the Court issued an order to show cause within three days as to why sanctions should not be imposed against Defendant's counsel Ian Hargus for the failure to make an appearance at the April 21, 2022 hearing. (ECF No. 18.) Given counsel had not properly registered to receive electronic notification of docket filings, the Court's order was served by postal mail, and the Office of the Clerk of the Court additionally served the order at

1 the email in Mr. Hargus' profile. (Id.) After affording additional time for mailing of the Court's
2 order, the deadline for counsel to provide a response to the order to show cause expired, and
3 counsel Ian Hargus failed to file any response to the Court's order. Accordingly, on May 2, 2022,
4 the Court signed an order, docketed on May 3, 2022, that imposed daily sanctions of $50.00 per
5 day on counsel, to begin on May 3, 2022, and that would continue until counsel filed a response to
6 the order to show cause. (ECF No. 20.)

7 On May 4, 2022, Mr. Hargus filed a motion on the docket, entitled "Order to Show
8 Cause," and set the matter for hearing on May 5, 2022. (ECF No. 23.) On May 5, 2022, the Court
9 discharged any further sanctions, despite the fact Mr. Hargus did not fully comply with the
10 requirements of the order to show cause. The Court also directed Mr. Hargus to review the
11 California Rules of Professional Conduct:

> While counsel's filing does not directly address every issue raised in the order to show cause (such as counsel's failure to register for electronic notifications in the CM/ECF system), the Court appreciates counsel's focus on the harm he has caused his client that he is representing in this criminal matter. In the interest of preserving judicial resources, while the Court expects a more directed response to the Court's express orders, the Court shall discharge the order to show cause and discharge further daily sanctions.
>
> In the interests of ensuring clients are adequately represented, and given counsel's apparent concern with the adverse consequences he admits to having caused the client, the Court reminds counsel that his primary responsibility is to the client who they are charged with effectively and protectively guiding through a complex criminal law system that is ripe with adverse consequences for failing to comply with the rules and procedures that he is hired to assist the client with. It is not the Court's responsibility to guide counsel through such process. While counsel apologizes and proffers he is inexperienced with the federal criminal court system, that is absolutely no excuse and counsel bears the full responsibility. If counsel cannot rise to the responsibility of informing himself of the rules and procedures that he is required to be apprised of, he should not represent criminal defendants before the Court. In that regard, the Court directs counsel to review California Rule[s] of Professional Conduct 1.1 [and 1.3].

26 (Id. at 4-5.) Finally, the Court ordered Mr. Hargus to pay the Clerk of the Court a sanction of $50,
27 within seven (7) days of entry of the order, or May 12, 2022. (ECF No. 24.)
28 Mr. Hargus failed to pay the $50 sanction by the deadline to do so. On May 13, 2022,

1 noting "Mr. Hargus has failed to pay the minimal $50 sanction by the deadline to do so," and
2 despite counsel's repeated failures to adhere to this Court's rules and orders, the Court did not
3 immediately impose further sanctions. Rather, the Court ordered Mr. Hargus to show cause why
4 further sanctions should not be imposed for the failure to pay the required amount by the deadline.
5 (ECF No. 25.) The Court's May 13, 2022 order further ordered that a daily sanction of $100
6 would begin to be imposed on May 13, 2022, and would continue to be imposed each day the
7 Court is open, unless Plaintiff showed good cause in writing as to why the $50 amount was not
8 paid by the deadline, and good cause as to why further sanctions should not be imposed. The
9 order specifically stated that the daily $100 sanction would "be imposed until such written
10 response is received, and until the original $50 dollar sanction is paid." (ECF No. 25 at 3.)
11 Finally, the Court's order stated that depending on counsel's filings in response to the order, the
12 Court would issue a further order directing whether additional sanctions would be imposed, and
13 "how much the total sanction amount counsel shall be obligated to pay (separate from the $50
14 sanction amount), and the deadline for payment of the further $100 daily sanctions cumulative
15 total." (Id.)

16 On May 19, 2022, Mr. Hargus entered two filings on the docket, both entered and entitled
17 as "proposed order re order to show cause and Defendant's status report." (ECF Nos. 26, 27.)
18 The Court received no notification or receipt on the docket that Mr. Hargus had paid the original
19 $50 sanction amount. In his filing, Mr. Hargus offered the following to the Court:

> This is my second order to show cause motion. I sent my first order to show cause on May 2nd and it was received by the court on May 4th as the docket shows. I was never contacted with regards to the outcome of my motion nor the fine amount or if there even would be a fine due to my motion being unresolved. This current 2nd motion is based upon an email I received on May 13th requiring me to show cause for non-payment of the 1st order to show cause. My office has contacted the clerk's office your court requesting a fine amount and no one including supervisors has been able to tell me what I owe if anything. I responded to the initial order to show cause, doing exactly that, showing cause of why I should not be sanctioned and fined. There was no response and no one can seem to tell me what I owe. So now I beg of the court to please respond or update the docket as to whether either of these motions will be granted and what fine amount I must pay. Both order to show cause dockets specifically say "unless good cause is shown" so I am not sure how I would know what to pay if

3

>  my motion to show good cause did in fact show good cause. Thank you for your time, this is a confusing process and this is my first and only Federal case so I am at the court[']s mercy with regards on what to pay.

(ECF No. 26-1 at 1-2.)  On May 20, 2022, the Court, despite the nonpayment, in consideration of Mr. Hargus' filings, and in the interests of expediency and preserving judicial resources, discharged further sanctions as of May 20, 2022, and capped the total amount of sanctions that Mr. Hargus was required to pay at $550.  (ECF No. 28.)  The Court stated the following in response to Mr. Hargus' filing:

>  The Court will not summarize or describe every document and order located on the docket for Mr. Hargus.  It is not the responsibility of the assigned Judge, nor the Clerk's office, nor [] of a "supervisor," to convey information to Mr. Hargus that is readily available on the public docket in this action that counsel is counsel of record in.  Mr. Hargus can obtain the full orders that clearly convey the obligations to pay monetary amounts, and when Mr. Hargus was required to respond to the Court's orders to show cause.  Counsel is notified that his filings are not "orders to show cause motions."  The Court issued orders to show cause why Mr. Hargus should not be sanctioned.  (ECF Nos. 18, 25.)  These orders required Mr. Hargus to show cause in writing why sanctions should not be imposed.  When counsel in any given case submits a written response to an order to show cause that sufficiently demonstrates good cause to discharge the order to show cause, the Court will then discharge the order to show cause and decide whether to impose any sanctions.
>
>  The Court summarized the background of this matter above in some detail.  Most importantly here is the Court's most recent May 13, 2022 order.  Mr. Hargus apparently concedes he at least received email notification of the filing on May 13, 2022, although it is not clear if he actually read the actual order . . .
>
>  . . .If Mr. Hargus does not understand what has occurred in this case, he should spend sufficient time reviewing the docket, downloading the full text of each written order, and reading the full text of each order in chronological order, including his own written submission to the Court, and consider whether his written submission addressed the Court's orders.

(ECF No. 28 at 4-5.)  The Court ordered Mr. Hargus to pay the $550 sanction amount on or before June 3, 2022.

Mr. Hargus did not pay the $550 sanction amount by June 3, 2022.  On June 8, 2022, the Court again instituted daily sanctions (of only $50 each day rather than $100), and specifically

4

1  warned Mr. Hargus of the fact that California law requires courts to report sanctions to the State
2  Bar of California if they exceed $1,000:

> Mr. Hargus has not paid the $550 fine despite the Court granting Mr. Hargus two weeks to do so, and despite repeated warnings and admonishments from the Court concerning his lack of professionalism before the Court and to his client . . .
>
> . . . Based on Mr. Hargus' failure to pay the $550 fine by June 3, 2022, and given counsel's repeated failures to adhere to this Court's rules and orders, the Court shall again institute daily sanctions. The Court will impose sanctions for the court days that Mr. Hargus failed to pay the sanctions before entry of this order, June 6, and June 7, 2022, in the amount of $100. Further, daily sanctions of $50 will begin to be imposed on June 8, 2022, and shall continue to be imposed each day the Court is open, until Mr. Hargus pays the total sanction amount due on such day. Thus, in other words, if Mr. Hargus pays on June 8, 2022, he shall pay $650. If he pays on June 9, 2022, he shall pay $700, and so on.
>
> Counsel is additionally notified that pursuant to California law, "a court shall notify the State Bar of any of the following: . . . (3) The imposition of any judicial sanctions against an attorney, except sanctions for failure to make discovery or monetary sanctions of less than one thousand dollars ($1,000)." Cal. Bus. & Prof. Code § 6086.7(a)(3).

15 (ECF No. 30 at 4-5.)

16   On June 27, 2022, the Court received a check in the amount of $1,400. The accompanying
17 documentation did not specify that the payment was for sanctions. Due to a clerical error and
18 because of the manner in which the check was submitted, the check was returned by postal mail on
19 the same date. On July 5, 2022, the check was again received by the Court, and a confirmation
20 receipt # CAE100050837 was entered on the docket for the amount of $1,400 fbo Ian Hargus by
21 Krystal Magallon. Given the check was initially received on June 27, 2022, the Court shall deem
22 the payment date to be June 27, 2022, for purposes of computing the sanctions amount that was
23 due when the payment was received.

## II.

## LEGAL STANDARD

26   The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to
27 secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To
28 effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court

5

1  orders or that unnecessarily multiply the proceedings.  See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).  Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases.  Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court.  Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980).  In order to coerce a party to comply with the Court's orders, the Court may issue sanctions for every day that party fails to respond to the Court's orders to show cause.  See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney."  E.D. Cal. L.R. 184(a).  "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice."  Id.

California Business and Professions Code § 6068(o)(3) imposes a duty upon an attorney to report sanctions over $1,000.00 to the State Bar, and § 6086.7(a)(3) directs courts to notify the State Bar of sanctions over $1,000.00.  Cal. Bus. & Prof. Code §§ 6068(o)(3), 6086.7(a)(3); Rohn v. United States, No. CIV. S-00-1628FCDPAN, 2002 WL 32123927, at *3 (E.D. Cal. Aug.

27, 2002).[1]

## III.

## DISCUSSION

First, by the Court's calculation, in submitting the payment to the Court on June 27, 2022, Mr. Hargus was only obligated to pay $1,250, not the $1,400 that was submitted. (See ECF No. 30 at 5 ("daily sanctions of $50 will begin to be imposed on June 8, 2022, and shall continue to be imposed each day the Court is open . . . in other words, if Mr. Hargus pays on June 8, 2022, he shall pay $650 . . . on June 9, 2022, he shall pay $700, and so on.").) Part of this overpayment may have been due to the fact the Court was closed on Monday, June 20, 2022, in observance of the Juneteenth holiday. Therefore, the Court shall direct the Clerk of the Court to refund Mr. Hargus in the amount of $150. In light of the payment, the Court shall discharge any further daily sanctions.

Despite the Court's multiple opportunities to avoid sanctions in this matter, and despite the Court's most recent specific warning concerning the required reporting to the State Bar of California if sanctions exceeded $1,000, Mr. Hargus did not pay the sanctions amount until they exceeded $1,000. Nor did Mr. Hargus file anything with the Court indicating an inability to pay sooner, nor any request impleading the Court to reduce the sanctions to an amount less than $1,000. Accordingly, the Court finds it appropriate, based on ethical concerns and comity with the California state courts and the State Bar of California, to report Mr. Hargus to the State Bar of California, and to order Mr. Hargus to comply with his own independent obligation to report the sanctions to the State Bar. See Rohn, 2002 WL 32123927, at *3 ("Pursuant to California Business and Professions Code . . . counsel shall report these sanctions to the California State Bar Association . . . [and the] court shall report the sanctions imposed on counsel to the California State Bar Association."); Leads Club, Inc. v. Peterson, No. CIV. 05CV1717-J JMA, 2008 WL 186504, at *4 (S.D. Cal. Jan. 22, 2008) ("[D]isregard of court orders is wholly inappropriate and unprofessional. Such disregard implicates attorney discipline, an important state interest . . . Since

---

[1] The Court does not suggest federal courts are *required* to comply with this law, however, the Court finds its direction to be reasonable to adhere to due to principles of comity and the interaction between this Court's own local rules and the State Bar of California and its Rules of Professional Conduct. See L.R. 180(e).

the State of California has an interest in maintaining the integrity of the legal profession and thus, the attorneys that it licenses, they should be aware of [Counsel's] behavior.").

## IV.
## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. All sanctions against counsel Ian Hargus are DISCHARGED and counsel shall have no obligation to pay any further monetary sanctions;

2. Pursuant to California Business and Professions Code § 6068(o)(3), counsel Ian Hargus shall report the sanctions imposed in this action to the State Bar of California within thirty (30) days of the entry of this order;

3. Not later than forty (40) days from the entry of this order, counsel Ian Hargus shall file a declaration attesting that he has reported the sanctions to the State Bar of California;

4. Pursuant to California Business and Professions Code § 6086.7(a)(3), the Clerk of the Court is DIRECTED to report the sanctions imposed on counsel Ian Hargus to the State Bar of California; and

5. The Clerk of the Court is DIRECTED to issue a refund to counsel Ian Hargus, in the amount of $150.

IT IS SO ORDERED.

Dated:  **July 6, 2022**

UNITED STATES MAGISTRATE JUDGE